# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$33,550.00 IN UNITED STATES CURRENCY,<br><br>Defendant,<br><br>and<br><br>TRAVIS WILLIAM EARL DANCER,<br><br>Claimant. | 8:18CV296<br><br>ORDER |

This matter is before the Court on the Motion to Strike Claimant's Answer and Claim ([Filing No. 44](#)) filed by the United States of America. The United States requests the Court strike Claimant's pleadings due to his failure to comply with the Court's Orders and failure to respond to discovery requests. Claimant, Travis William Earl Dancer, did not respond to the motion. For the following reasons, the Court will grant the motion.

The United States filed this Complaint for Forfeiture in Rem against defendant $33,550.00 in U.S. Currency on June 26, 2018. ([Filing No. 1](#)). Claimant was served with notice of the action on July 27, 2018, and August 7, 2018. ([Filing No. 9](#); [Filing No. 13](#)). Claimant, represented by counsel, filed an answer and claim for the $35,550, on September 10, 2018. ([Filing No. 16](#)).

On October 25, 2018, the United States served Claimant's counsel with Interrogatories, Requests for Production, and Requests for Admission. ([Filing No. 23](#)). Despite the United States' repeated attempts to obtain Claimant's responses to outstanding discovery requests through counsel, Claimant failed to provide any responses to the United States. Following a telephone conference held with counsel for the parties, on December 17, 2018, the Court permitted Claimant's counsel to withdraw from her representation once she served Claimant with a copy of the Order permitting her to withdraw. ([Filing No. 30](#)). The Court ordered Claimant to provide the Clerk of the Court with his current address, informed him that he "must comply with all case progression deadlines, orders of this Court, the Federal Rules of Civil Procedure, and the Local Rules of Practice," and warned him that failure to "comply with these requirements may result in

the imposition of sanctions, including payment of costs, attorneys' fees, and/or dismissal of the case." (Filing No. 30). Claimant did not provide his current address to the Court and continued to provide no response to the United States' attempts to obtain his discovery responses. Thereafter, the United States filed a motion to compel (Filing No. 33), which the Court granted, ordering Claimant to provide complete responses to the United States' outstanding discovery requests by March 15, 2019. (Filing No. 38). The Court again warned Claimant that failure to comply with the order "will result in an appropriate sanction pursuant to Fed. R. Civ. P. 37, including a recommendation that his claim be dismissed." (Filing No. 38 at p. 3). Claimant continued to provide no discovery responses as ordered or otherwise contact counsel for the United States or the Court. Still having received no response at all to its discovery requests first served on October 25, 2018, the United States now moves for sanctions in the form of striking Claimant's answer and claim.

"[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g). All parties "have an affirmative duty to respond to discovery requests and make reasonable, diligent efforts to produce truthful, discoverable information." *Marquette Bus. Credit, Inc. v. Gleason*, No. 14-CV-354 (MJD/LIB), 2015 WL 12776599, at *3 (D. Minn. Jan. 30, 2015); see also Fed. R. Civ. P. 26, 33(b)(1)(A), & 34(b)(2). "A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the court to impose sanctions upon parties who fail to comply with discovery orders, including striking pleadings in whole or in part or entering a default judgment against the disobedient party. See Fed. R. Civ. P. 37(b)(2)(A)(iii)-(vi). Striking a party's pleadings "is a severe sanction that may ineluctably lead to judgment for the other side" and should only be applied "where there is an order compelling discovery, a willful violation of that order, and prejudice to the other party." *St. Louis Produce Mkt. v. Hughes*, 735 F.3d 829, 832 (8th Cir. 2013)(citing *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999).

In this case, the Court finds that striking Claimant's answer and claim is a just and appropriate sanction for his failure to respond to discovery requests for approximately five months and failure to comply with Court orders. The Court has provided Claimant with numerous opportunities to obtain new counsel, provide responses to outstanding discovery requests, and to litigate his claim for the $35,550. Claimant has failed to respond to the United States' discovery

requests, failed to comply with Court orders, including an order to compel, and failed to prosecute his claim for the $35,550. The United States has been prejudiced by Claimant's failure to provide any discovery responses, as it has been unable to obtain any information or discovery from Claimant regarding his claim to the property at issue in this case. Claimant has given the Court no indication that he intends to prosecute his claim, despite being provided several chances to do so. Under the circumstances, the Court finds that the United States' motion should be granted, and will strike Claimant's answer and claim.[1]

Upon consideration,

**IT IS ORDERED** that the United States of America's Motion to Strike Claimant's Answer and Claim (Filing No. 44) is granted. The Answer to the Complaint for Forfeiture in Rem and Claim (Filing No. 16) filed by Claimant, Travis William Earl Dancer, is hereby stricken.

Dated this 12th day of April, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[1] Additionally, Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions permits the government to move to strike a claim or answer for failing to comply with Rule G(6), which in turn provides that a claimant must serve answers or objections to special interrogatories within 21 days after service.